# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY | CIVIL ACTION NO. 07-1637 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| T.M.I. ENTERPRISES, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

### Introduction

Before the court are two motions: (1) Motions of Improper Venue and Lack of Subject Matter Jurisdiction (Doc. 8) filed by T.M.I. Enterprises, LLC and T.M.I. Enterprises, Inc. (collectively referred to herein as "T.M.I.") and (2) Motion for Improper Venue (Doc. 15) filed by Gurvis Porter, Gaynell Porter, Cederick Porter, Kenderick Porter, Milton Short, Georgia Short, Jerome Short, Roy Short, James Tate, Melissa Tate and Theresa Tate (collectively referred to herein as the "Short Plaintiffs"). For the reasons that follow, both motions are **DENIED**.

### Background

This is a suit for a declaratory judgment arising out of an incident in 1995 in Bogalusa, Louisiana where a tanker trailer ruptured, spewing nitrogen tetroxide into the air. Doc. 1, Para. VII. Numerous lawsuits were filed and were consolidated into a class action. The class action settled, but one of the individual lawsuits (referred to herein as the "Short Case") was apparently excepted from the class action and proceeded individually against T.M.I. and others. Clarendon, Plaintiff in this declaratory judgment action, is not a party in the Short Case, but it is providing T.M.I. with a defense in the Short Case. Clarendon filed this declaratory judgment action against T.M.I. and the Short Case Plaintiffs seeking

to have this court declare that it does not owe T.M.I. a defense or indemnity in the Short Case.

T.M.I. and the Short Case Plaintiffs responded with motions arguing that venue is not appropriate in this district; that this case should be dismissed at the discretion of the court under the Declaratory Judgment Act; and, alternatively, that this case should be transferred to the Middle District of Louisiana for the convenience of the parties and witnesses. T.M.I. makes an additional argument, apparently not adopted by the Short Case Plaintiffs, that this court lacks subject matter jurisdiction because the amount in controversy is not facially apparent from the petition and has not otherwise been established.

**Law and Analysis**

**Venue**

Venue is governed by 28 U.S.C. § 1391. Clarendon urges that this court is a proper venue based on the provision that: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." Section 1391(a)(2). This transactional venue provision is available as an alternative to Section 1391(a)(1) that permits venue to be based on the residence of the defendants, meaning venue can be proper in a district if either the transactional or the residential provision is satisfied. 14D Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3rd § 3806.1, p. 200 (2007 ed.). The current language liberalized the former "in which the claim arose" formulation, and it is now "absolutely clear" that there

can be more than one district in which a substantial part of the events giving rise to the claim occurred. Id. at p. 201.

Once a defendant challenges venue by motion, the burden is on the plaintiff to show that the chosen venue is a proper one. McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). If no evidentiary hearing is held, the court will accept as true undisputed facts in the plaintiff's pleadings, resolve any conflicts in the evidence plaintiff's favor, and afford the plaintiff the benefit of the doubt when determining the governing facts. University Rehabilitation Hospital, Inc. v. International Cooperative Consultants, Inc., 2006 WL 1098905 (W.D. La. 2006).

The alleged toxic tort did not occur in this district, but Clarendon has established that venue is nonetheless proper in this district because a substantial part of the events or omissions giving rise to the claim occurred here. Clarendon submits the affidavit of Michael Dugan, General Manager of Deep South Surplus, Inc. ("Deep South") which establishes that Deep South acted as Clarendon's agent on the policy; that T.M.I.'s application was received by Deep South at its office in Shreveport; that the Clarendon policy was bound and generated in Shreveport; that the policy was issued from Shreveport; that Clarendon's coverage decisions regarding the Short Case were made in Shreveport; and that all claims handling activities occurred in Shreveport.

Several cases have found venue was proper in similar settings. For example, in American Motorists Ins. Co. v. Cellstar, Corp., 61 Fed. Appx. 119 (5th Cir. 2003), an insurer filed suit in the federal court in Houston (Southern District of Texas) for premiums due under an insurance policy that the defendant's Houston insurance broker had procured through negotiations that took place in a Houston office, and the endorsements to the

policy were transmitted through the Houston broker. The defendant was located in the Dallas (Northern District of Texas) and urged that venue in the Southern District of Texas was improper. The Fifth Circuit responded: "Because significant events relating to the formation and execution of the Policy occurred in Houston, we are not persuaded that the district court abused its discretion by denying Cellstar's motion to dismiss for improper venue." The unpublished decision did not treat the issue to much analysis, and it is not precedential under Fifth Circuit Rule 47.5, but its rationale certainly carries persuasive weight.

There are other reported decisions that support a finding that venue is proper in this case. See e.g., Arch Specialty Ins. Co. v. Entertainment Specialty Services, Inc., 2005 WL 696897 (S.D. N.Y. 2005) (New York was a proper venue for declaratory action regarding insurance coverage related to a Texas lawsuit when defendants obtained the policy through an agent from a New York office, negotiation involved correspondence to New York, the policy issued from New York and the claim for coverage was submitted to the New York office); Constitution Reinsurance Corp. v. Stonewall Ins. Co., 872 F. Supp. 1247 (S.D. N.Y. 1995) (New York was proper venue in declaratory action regarding coverage under reinsurance contracts for damages arising from Texas litigation when reinsurance contracts were negotiated by communications between Texas and New York, and contracts were executed and to be performed in New York); and Harleysville Ins. Co. of New Jersey v. Clark, 2006 WL 2135834 (D. N.J. 2006) (New Jersey was proper venue for declaratory action regarding insurance coverage for a Maryland car accident because the negotiation, payment and issuance of the policy to a New Jersey insured occurred in New Jersey).

The Second Circuit held that New York was the proper venue for a declaratory judgment action regarding insurance coverage for a New Jersey accident and tort suit because the policy at issue was submitted, approved and issued in New York *and* the tort claimants had received a lift of the automatic stay from a New York bankruptcy court to authorize the tort suit. The Court declined to decide whether the negotiation and issuance of the contract, standing alone, was sufficient to give rise to venue in the declaratory action. Gulf Insurance Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005).

The significance of the place a policy was negotiated and issued has also been mentioned in the course of discussing whether to transfer venue to that forum. See AVEMCO Ins. Co. v. GSV Holding Corp., 1997 WL 566149 (S.D. N.Y. 1997) (New York was a proper venue for declaratory action regarding insurance coverage for a New York accident, but it was proper to transfer venue to New Jersey because, among other reasons, the policy was negotiated and issued in New Jersey, making New Jersey the locus of operative facts); and Resource Bank v. Progressive Casualty Ins. Co., 2007 WL 136320 (E.D. Pa. 2007) (finding it proper to transfer venue in declaratory action regarding insurance coverage to the state where the policy was entered and was to be performed).

At least one court has stated that in an insurance coverage action, to establish venue under Section 1391(a)(2), "a court looks to the underlying events for which coverage is sought." Carolina Casualty Company v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001). The undersigned agrees that venue under that provision *may* properly be based on underlying events, but the above-cited jurisprudence establishes that venue may *also* be based on events related to the policy at issue. The location suggested by either analysis may be a lawful venue in a declaratory action; the law no longer limits

transactional venue to one proper district.

This court previously found, relying on the cases cited above, that venue was proper in this district under very similar circumstances. See Clarendon America Insurance v. Coastal Cargo, Inc., 2007 WL 3256616 (W.D. La. 2007). There is no reason to deviate from that conclusion in this case. Venue is proper in this district.

**Transfer of Venue**

T.M.I. and the Short Plaintiffs also argue that the court should transfer this case to the Middle District of Louisiana. A district court has discretion to transfer an action for the convenience of the parties and the interest of justice. 28 U.S.C. § 1404(a). The first requirement is a finding that the district to which transfer is sought qualifies as a district in which the action might have been brought. In Re: Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). Even assuming movants show that another venue is a proper venue, movants also must show that a transfer is appropriate. Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989). Unless the movant shows that the balance of factors strongly favors transfer, the plaintiff's choice of forum generally should not be disturbed. Gulf Oil Corp. v. Gilbert, 67 S.Ct. 839 (1947). And the court should not transfer a case "where the only practical effect is the shifting of inconvenience from the non-moving party to the moving party." Salem Radio Representatives, Inc. v. Can Tel Market Support Group, 114 F.Supp.2d 553, 558 (N.D. Tex. 2000). The party seeking a transfer for the convenience of witnesses should specify the key witnesses and make a general statement of what their testimony will cover. Wilson v. Ameristar Casino Vicksburg, Inc., 2007 WL 2284608, *5 (W.D. La. 2007).

Neither T.M.I. nor the Short Case Plaintiffs have identified a single witness from the

Baton Rouge area or otherwise, and they have not articulated any other specific facts that would demonstrate why the Middle District of Louisiana would be substantially more convenient for parties or witnesses. If there are any witnesses in the Baton Rouge area, their burden will be slight. One may travel between Baton Rouge and Shreveport in less than five hours and without leaving an interstate or four-lane highway. Litigants, attorneys and judges routinely make the trip without undue difficulty. This litigation will likely require few, if any, court appearances. Most similar cases are resolved on summary judgment.

T.M.I. and the Short Case Plaintiffs have not satisfied their burden of convincing the court that the best exercise of its discretion would be to transfer this case to the Middle District of Louisiana. Clarendon's choice of this forum was appropriate and will not be disturbed.

**Dismissal under the Declaratory Judgment Act**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of actual controversy within its jurisdiction (subject to certain exceptions), a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act confers discretion on the courts rather than an absolute right on a litigant. Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2143 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

The court has discretion whether to decide or dismiss a declaratory action, but that discretion is not unfettered. The Fifth Circuit, in St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir.1994), identified seven nonexclusive factors for a district court to consider in exercising

its discretion. These factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

**Factor 1: Pending State Court Action**

Clarendon is not a party to the Short Case. The Short Case does not provide a vehicle for Clarendon to litigate the coverage issues raised in this declaratory judgment action.

**Factor 2: Anticipatory Lawsuit**

The Short litigation has been pending for many years. Clarendon did not file this action in anticipation of that lawsuit.

**Factor 3: Forum Shopping**

"Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" Sherwin-Williams v. Holmes County, 343 F.3d 383,

391 (5th Cir. 2003). Because of the insurance policy's connection to Shreveport, Clarendon's selection of the Western District was a logical choice for a forum for this action. There is no evidence of improper or abusive forum shopping.

**Factor 4: Possible Inequities**

The Short Case has been pending for many years. Clarendon's filing of this declaratory judgment action in this court does not allow Clarendon to gain precedence in time or otherwise.

**Factor 5: Convenience**

Given the fact that few, if any, court appearances will be required to resolve this matter, this district is not an inconvenient forum for any of the parties or witnesses. Furthermore, when addressing a similar "convenience of parties and witnesses" issue in the context of a venue dispute, the Fifth Circuit held that the convenience of counsel is not a factor. In re: Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004).

**Factor 6: Judicial Economy**

This court will move this matter to a conclusion in a swift and efficient manner. Judicial economy will be furthered by maintaining the action in this court.

**Factor 7: Consent Decree**

This factor is not applicable in this case.

**Summary**

After considering all of the relevant factors, the court finds that the best exercise of its discretion is to maintain this declaratory judgment action in this court.

**Subject Matter Jurisdiction**

T.M.I. argues that this action should be dismissed because the amount in controversy has not been established. The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). When the claim is one for declaratory relief, the amount in controversy is determined by "the value of the right to be protected or the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir.1998). When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the object of the litigation is the policy and the "value of the right to be protected" is plaintiff's potential liability under that policy. Id. at 1253. In analyzing this issue, the court must first determine whether it is facially apparent that the jurisdictional amount is met. If not, the court may rely on summary judgment-type evidence in determining the amount in controversy. Id. at 1253-1254.

After considering all of the arguments of the parties, as well as the documentation submitted by Clarendon, the court finds that Clarendon has met its burden of establishing the amount in controversy. While it is not facially apparent that the jurisdictional amount is met, the Short Plaintiffs' pre-trial order inserts, along with settlement demands (for policy limits) made the plaintiffs to Clarendon, readily establish that the amount in controversy in the underlying litigation far exceeds $75,000. There is no question in this case, given the nature of the alleged tort and the severity of the injuries alleged, that the amount in controversy requirement has been met.

**Conclusion**

For the foregoing reasons the Motions of Improper Venue and Lack of Subject Matter Jurisdiction (Doc. 8) filed by T.M.I. Enterprises, LLC and T.M.I. Enterprises, Inc. and Motion for Improper Venue (Doc. 15) filed by Gurvis Porter, Gaynell Porter, Cederick Porter, Kenderick Porter, Milton Short, Georgia Short, Jerome Short, Roy Short, James Tate, Melissa Tate and Theresa Tate are **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of August, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE